Harvey M. Moore, Esq., CBN 101128
Terri Lazo, Esq., CBN 228663
The Moore Law Group,
A Professional Corporation
3710 S. Susan St., Ste 210
P.O. Box 25145
Santa Ana, CA 92799-5145
(714) 431-2000

Attorneys for Defendant
Bleier & Cox, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. LONGO, an Individual, | Case No. CV11-1864 ABC (OPx) |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| BLEIER & COX, LLP; and DOES 1-20, Inclusive, | |
| Defendants. | |

///
///
///
///
///
///
///
///

1      Defendant, Bleier & Cox, LLP (hereinafter referred to as "Defendant"), by

2  and through its attorneys, answers Plaintiff Edward J. Longo's (hereinafter referred

3  to as "Plaintiff") Complaint and Demand for Jury Trial (hereinafter referred to as

4  "Complaint"), filed on or about March 3, 2011, as follows:

5

6      1. Responding to Paragraph 1 of the Complaint, Defendant admits that the

7  Complaint is styled as an action for alleged violations of the Fair Debt Collection

8  Practices Act and the California Rosenthal Act.

9      2. Responding to Paragraph 2 of the Complaint, Defendant admits

10  jurisdiction and venue are appropriate at the above captioned Court.

11      3. Responding to Paragraph 3 of the Complaint, Defendant admits, based

12  upon information and belief.

13      4. Responding to Paragraph 4 of the Complaint, Defendant admits it has a

14  business address of 16130 Ventura Blvd, Suite 620, Encino, CA 91436 and that a

15  portion of its practice is debt collection.  Defendant denies, generally and

16  specifically, all other allegations.

17      5. Responding to Paragraph 5 of the Complaint, Defendant admits.

18      6. Responding to Paragraph 6 of the Complaint, Defendant is without

19  knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained therein and, on that basis, denies, generally and specifically, each and

21  every allegation contained therein.

22      7. Responding to Paragraph 7 of the Complaint, Defendant admits, based

23  upon information and belief.

24      8. Responding to Paragraph 8 of the Complaint, Defendant is without

25  knowledge or information sufficient to form a belief as to the truth of the allegations

26  contained therein and, on that basis, denies, generally and specifically, each and

27  every allegation contained therein.

28      9. Responding to Paragraph 9 of the Complaint, Defendant admits, based

1  upon information and belief.

2     10.  Responding to Paragraph 10 of the Complaint, Defendant is without

3  knowledge or information sufficient to form a belief as to the truth of the allegations

4  contained therein and, on that basis, denies, generally and specifically, each and

5  every allegation contained therein.

6     11.  Responding to Paragraph 11 of the Complaint, Defendant admits, based

7  upon information and belief.

8     12.  Responding to Paragraph 12 of the Complaint, Defendant is without

9  knowledge or information sufficient to form a belief as to the truth of the allegations

10  contained therein and, on that basis, denies, generally and specifically, each and

11  every allegation contained therein.

12     13.  Responding to Paragraph 13 of the Complaint, Defendant is without

13  knowledge or information sufficient to form a belief as to the truth of the allegations

14  contained therein and, on that basis, denies, generally and specifically, each and

15  every allegation contained therein.

16     14.  Responding to Paragraph 14 of the Complaint, Defendant denies,

17  generally and specifically, each and every allegation contained therein.

18     15.  Responding to Paragraph 15 of the Complaint, Defendant denies,

19  generally and specifically, each and every allegation contained therein.

20     16.  Responding to Paragraph 16 of the Complaint, Defendant denies,

21  generally and specifically, each and every allegation contained therein.

22     17.  Responding to Paragraph 17 of the Complaint, Defendant is without

23  knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained therein and, on that basis, denies, generally and specifically, each and

25  every allegation contained therein.

26     18.  Responding to Paragraph 18 of the Complaint, Defendant is without

27  knowledge or information sufficient to form a belief as to the truth of the allegations

28  contained therein and, on that basis, denies, generally and specifically, each and

1 | every allegation contained therein.

2 |      19.  Responding to Paragraph 19 of the Complaint, Defendant is without

3 | knowledge or information sufficient to form a belief as to the truth of the allegations

4 | contained therein and, on that basis, denies, generally and specifically, each and

5 | every allegation contained therein.

6 |      20.  Responding to Paragraph 20 of the Complaint, Defendant admits sending

7 | a letter to Plaintiff on or about January 6, 2011 reflecting a balance owing of

8 | $8,758.32 for one Capital One credit card account.  Defendant denies, both

9 | generally and specifically, all additional allegations.

10 |      21.  Responding to Paragraph 21 of the Complaint, Defendant is without

11 | knowledge or information sufficient to form a belief as to the truth of the allegations

12 | contained therein and, on that basis, denies, generally and specifically, each and

13 | every allegation contained therein.

14 |      22.  Responding to Paragraph 22 of the Complaint, Defendant is without

15 | knowledge or information sufficient to form a belief as to the truth of the allegations

16 | contained therein and, on that basis, denies, generally and specifically, each and

17 | every allegation contained therein.

18 |      23.  Responding to Paragraph 23 of the Complaint, admits based upon

19 | information and belief.

20 |      24.  Responding to Paragraph 24 of the Complaint, Defendant denies,

21 | generally and specifically, each and every allegation contained therein.

22 |      25.  Responding to Paragraph 25 of the Complaint, Defendant denies,

23 | generally and specifically, each and every allegation contained therein.

24 |      26.  Responding to Paragraph 26 of the Complaint, Defendant denies,

25 | generally and specifically, each and every allegation contained therein.

26 |      27.  Responding to Paragraph 27 of the Complaint, Defendant denies,

27 | generally and specifically, each and every allegation contained therein.

28 |      28.  Responding to Paragraph 28 of the Complaint, Defendant denies,

1    generally and specifically, each and every allegation contained therein.

2        29.  Responding to Paragraph 29 of the Complaint, Defendant incorporates all

3    previous denials, general and specific.

4        30.  Responding to Paragraph 30 of the Complaint, Defendant denies,

5    generally and specifically, each and every allegation contained therein.

6        31.  Responding to Paragraph 30(a) of the Complaint, Defendant denies,

7    generally and specifically, each and every allegation contained therein.

8        32.  Responding to Paragraph 30(b) of the Complaint, Defendant denies,

9    generally and specifically, each and every allegation contained therein.

10       33.  Responding to Paragraph 30(c) of the Complaint, Defendant denies,

11   generally and specifically, each and every allegation contained therein.

12       34.  Responding to Paragraph 30(d) of the Complaint, Defendant denies,

13   generally and specifically, each and every allegation contained therein.

14       35.  Responding to Paragraph 30(e) of the Complaint, Defendant denies,

15   generally and specifically, each and every allegation contained therein.

16       36.  Responding to Paragraph 30(f) of the Complaint, Defendant denies,

17   generally and specifically, each and every allegation contained therein.

18       37.  Responding to Paragraph 30(g) of the Complaint, Defendant denies,

19   generally and specifically, each and every allegation contained therein.

20       38.  Responding to Paragraph 30(h) of the Complaint, Defendant denies,

21   generally and specifically, each and every allegation contained therein.

22       39.  Responding to Paragraph 30(i) of the Complaint, Defendant denies,

23   generally and specifically, each and every allegation contained therein.

24       40.  Responding to Paragraph 30(j) of the Complaint, Defendant denies,

25   generally and specifically, each and every allegation contained therein.

26       41.  Responding to Paragraph 31 of the Complaint, incorrectly numbered 44

27   in the Complaint, Defendant denies, generally and specifically, each and every

28   allegation contained therein.

42.  Responding to Paragraph 32 of the Complaint, incorrectly numbered 45 in the Complaint, Defendant incorporates all previous denials, general and specific.

43.  Responding to Paragraph 33 of the Complaint, incorrectly numbered 46 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

44.  Responding to Paragraph 33(a) of the Complaint, incorrectly numbered 46(a) in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

45.  Responding to Paragraph 33(b) of the Complaint, incorrectly numbered 46(b) in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

46.  Responding to Paragraph 33(c) of the Complaint, incorrectly numbered 46(c) in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

47.  Responding to Paragraph 34 of the Complaint, incorrectly numbered as 47 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

48.  Responding to Paragraph 35 of the Complaint, incorrectly numbered 48 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

49.  Responding to Paragraph 36 of the Complaint, incorrectly numbered 49 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

50.  Responding to Paragraph 37 of the Complaint, incorrectly numbered 50 in the Complaint, Defendant incorporates all previous denials, general and specific.

51.  Responding to Paragraph 38 of the Complaint, incorrectly numbered 51 in the Complaint, Defendant admits.

52.  Responding to Paragraph 39 of the Complaint, incorrectly numbered 52

in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

53. Responding to Paragraph 40 of the Complaint, incorrectly numbered 53 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

54. Responding to Paragraph 41 of the Complaint, incorrectly numbered 54 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

55. Responding to Paragraph 42 of the Complaint, incorrectly numbered 55 in the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

56. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Facts)

57. The Complaint, and each and every purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

58. The alleged injuries to Plaintiff were not proximately caused by any acts or omissions of Defendant.

///

///

7

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Failure of State a Claim Upon Which Relief Can be Granted)

3  59.  To state a claim for invasion of privacy, a debtor must allege that the

4 creditor intentionally "intruded into a private place, conversation or matter...in a

5 manner that is highly offensive to a reasonable person."  *Taus v. Loftus* (2007) 40

6 Cal.4th 683, 725.  The debtor must also allege the creditor "penetrated some zone of

7 physical or sensory privacy surrounding the [debtor] or obtained unwanted access to

8 data about the [debtor].  *Marseglia v. JP Morgan Chase Bank* (U.S. Dist, SD Cal,

9 2010, 2010 WL 4595549; citing *Schulman v. Group W Prods., Inc* (1998) 18 Cal.4th

10 200, 232.  In *Marseglia*, the court held that claimant must show that the content of

11 the calls were highly offensive to maintain an invasion of privacy cause of action.

12 Finally, in *Castellanos v. JPMorgan Chase & Co.*, the court dismissed the invasion

13 of privacy claim because the debtor failed to "allege the content of any of the calls

14 placed to [debtor]...and what was highly offensive about such calls."  Civil Case No.

15 09CV0969 H(JMA), Doc. #8 (S.D. Cal. June 23, 2009).

16

17

## FIFTH AFFIRMATIVE DEFENSE

18

(Damages Resulted Solely from Plaintiff's Fault)

19  60.  Defendant alleges, without admitting liability or obligation, if any,

20 without impairing the general denials herein, that if Plaintiff was damaged at all,

21 Plaintiff was so damaged due to Plaintiff's own failures, or by the failures of those

22 acting on Plaintiff's behalf.

23

24

## SIXTH AFFIRMATIVE DEFENSE

25

(Consent)

26  61.  Plaintiff acknowledged, ratified, consented to and/or acquiesced in the

27 alleged acts or omissions, if any, of Defendant, thus barring Plaintiff's recovery.

28

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

62.  Plaintiff failed to mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening Superseding Causes)

63.  Defendant alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that the injuries and damages alleged in the Complaint were proximately caused by or contributed to by acts of Plaintiff, or other persons and/or entities acting on Plaintiff's behalf and that said acts were an intervening and superseding cause of the injuries and damages, if any, and therefore, Plaintiff is barred from any recovery against Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

64.  At all times relevant to the causes of action alleged therein, Defendant acted with good faith and honesty of purpose.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

65.  Plaintiffs brought this action in bad faith and for purposes of harassment.  15 U.S.C. 1692k(a)(3) states in pertinent part, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to Defendant attorney's fees reasonable in relation to the work expended and costs.  California Civil Code § 1788.30(c) states in pertinent part, "reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith."

## ELEVENTH AFFIRMATIVE DEFENSE

### (Justifiable Conduct)

66.  Defendant alleges, without admitting any liability, obligation, or conduct, if any, without impairing the general denials herein, that the conduct of Defendant in regard to the matters alleged in the Complaint were justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Complete Performance)

67.   Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint, except those excused by the acts, errors, and/or omissions of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

68.  Any amounts found to be owed by Defendant to Plaintiff must be set off against the amounts owing by Plaintiff to Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

69.  Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available.   Defendant reserves, herein, the right to assert additional defenses in the event that discovery indicates it would be appropriate.

///

///

///

1

## CERTIFICATE OF SERVICE

2

3      I, Terri Lazo, do hereby certify that on May  2  , 2011, a copy of the

4   forgoing document was sent by U.S.Mail to:

5

6      Jeremy S. Golder, Esq.
       Golden & Cardona-Loya, LLP

7      3130 Bonita Road, Suite 200B
       Chula Vista, CA 91910

8

9

10                                         TERRI LAZO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

Defendant denies Plaintiff is entitled to the Complaint's requested relief, or to any relief whatsoever.

WHEREFORE, Defendant prays as follows:

1.    That judgment be entered in Defendant' favor;

2.    That Plaintiff take nothing by virtue of his Complaint and that this action be dismissed with prejudice in its entirety;

3.    For attorney's fees and costs; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: May 2, 2011                    The Moore Law Group, APC

By: _____
                                      Harvey M. Moore
                                      Terri Lazo
                                      Attorneys for Defendant
                                      Bleier & Cox, LLP

11